## THE CITY OF PORTLAND, APPELLANT, *v.* LEE SAM, RESPONDENT.

DAMAGES, MEASURE OF—STREET IMPROVEMENT.—Upon the trial of an appeal to the circuit court from the report of viewers appointed by the common council of the city of Portland, to assess the damages which the owners of property will sustain by reason of the widening of a street, the owner of a building being an appellant, is entitled to recover for any additional improvements which he has put on the building between the time of making the report and its adoption by the common council, when such improvements are taken for public use.

VERDICT, WHEN SUFFICIENT.—On such trial, where the jury are required to determine the damages and the benefits which the owner of the property will sustain by reason of taking a part of it for public use, the verdict is sufficient if it can clearly be ascertained how much are the damages and how much the benefits, if any.

APPEAL from Multnomah County. The facts are stated in the opinion.

*J. C. Moreland, City Attorney,* for the appellant.

*Dolph, Bronaugh, Dolph and Simon,* for respondents.

By the Court, KELLY, C. J.:

The common council of the city of Portland, deeming it expedient to extend laterally the lines of Second street, from the south line of A street to the south line of Madison street, on the eleventh day of July, 1876, directed the city surveyor to survey the same, make a plat thereof, with the portion of each lot or part of lot to be appropriated, which report having been made and being satisfactory, was adopted by the common council, by ordinance approved August 5, 1876. The respondents had a leasehold estate in the east seventy-five feet of lots 1 and 2, in block 20, continuing till January 1, 1885, and the absolute ownership of the buildings thereon. The improvements on the south seventy-five feet were completed prior to January 1, 1876, and those on the north twenty-five feet were commenced under a contract for full completion on July 5, 1876, and on August 21, the lower story was finished, and prior to September 19, 1876, the building was fully completed externally. On August 21, 1876, the common council appointed viewers of the proposed extension of Second street, of which respondents had notice. The viewers reported to the common council on August 31, 1876, and their report was adopted by an ordinance approved September 19, 1876, since which time the city has done nothing towards widening the street, collecting assessments or paying damages to property. Nor has the city paid or tendered the respondents any sum whatever as damages to their property.

In their report, the viewers assessed the damages to the buildings of respondents at nine hundred and thirty dollars; and from this assessment the respondents appealed to the circuit court. The case came on for trial on the thirteenth of February, 1878, when the jury found the following verdict: " We, the jury in the above entitled cause, find the damages to the interest of the said defendants to the south half of lots 1 and 2, in block 20, to be one thousand six hundred and sixty-six dollars and sixty-seven cents; and we find the damages to the interests of defendants in the north

half of lot 1, in said block, to be eight hundred and thirty-three dollars and thirty-three cents; and we find the damages to defendants' interest in said lots 1 and 2, in said block, over and above all benefits thereto, to be the sum of two thousand five hundred dollars."

Several exceptions were taken to the rulings of the court upon the admission and exclusion of the testimony of witnesses; but it is unnecessary to consider them, as the same questions are raised in the instructions to the jury which were excepted to by the appellant. The court instructed the jury in substance: "That the defendants were entitled to recover damages to their improvements by reason of the proposed widening of the street, as the improvements existed when the ordinance, adopting the report of the viewers, was approved September 19, 1876. Although the defendants had notice that this improvement was to be made by the city, they need not await the result of the decision of the common council between the giving of the first notice and the adoption of the report of the viewers. But they are entitled to compensation for all damages sustained by being required to alter their improvements put up during that time, so as to conform them to the widened street."

This appeal was heard and determined under the provisions of sec. 9, act of December 19, 1865, of appellant's charter, which is as follows:

Sec. 9. "Such appeal shall be deemed and be heard and determined, and the judgment thereon enforced, so far as practicable, in the same manner as an action at law. The jury shall view the proposed street or alley, the property to be appropriated and the property against which benefits are assessed, and proof of damages and benefits may be introduced by the city and the appellants; the city shall be considered the plaintiff. The jury shall assess and determine by their verdict how much less valuable, if any, each lot or part thereof, with the improvements, may be rendered by the laying out, establishing or widening such street or alley, and in case of persons having different estates and separate interests in any lot or part thereof, or of the improvements thereon, shall apportion the same between them, and shall

also assess and determine the value of the benefit and advantages, if any, of such street or alley so to be opened, laid out, established, or widened, as the case may be, to the respective owners, lessees and other persons interested in any lands, tenements, hereditaments and premises, any part of which is required for the opening, laying out, establishing or widening of such street or alley, in excess of the damages which any such owner, lessee or other person interested will sustain by reason of the opening, laying out, establishing or widening of any such street or alley, and assess and determine the value of the benefit and advantage of such street or alley to the respective owners, lessees or other persons interested in any lands, tenements, hereditaments and premises not required for the purpose of opening, laying out, establishing or widening any such street or alley, but fronting or to front thereon, or being at and within half the distance of the next street or alley thereto, and also within one hundred feet of the boundary of the street or alley to be laid out, established or widened on each side thereof; and which the jury shall deem to be benefited by such street or alley in respect to the respective estate and interest of said owners, lessees and other persons respectively so interested in any lands, tenements and premises; but the issues, testimony and verdict upon such appeal shall be confined to the parties appealing and the jury shall not re-assess any damages or benefits unappealed from. The verdict of the jury shall be a final and conclusive determination of the matter of such assessment."

The appellant contends that the viewers having been appointed on the twenty-first day of August, and reported their assessment of damages on the thirty-first day of August, 1876, of which fact the respondents had notice, it was their duty to suspend work on the brick walls of their building, then in the process of construction, and await the conclusion of the city council in regard to the appropriation of their property; and that if they expended more money in completing the structure (then probably half complete), it was their own fault, for they had full notice that the property would ultimately be required for public uses, by the

report of the viewers. It is further contended by the counsel for appellant that by the ninth section of the act of December 19, 1865, before referred to, it is provided that "the jury shall not reassess any damages unappealed from," and, therefore, any improvements to the property made after the assessment from which the appeal was taken could not lawfully be considered by the jury because no appeal was taken from such unassessed damages. We think this clause has reference to the reassessment of damages for any person who has not joined in the appeal as provided in section 7 of the same act. The prohibition relates to cases which have been unappealed, and has no reference to the assessment of damages by the jury in any case before the court. It relates to the parties who have not appealed. This is apparent from the context. "But the issues, testimony and verdict upon such appeal, shall be confined to the parties appealing, and the jury shall not reassess any damages or benefits unappealed from."

We will now proceed to consider the alleged error in the charge of the court, wherein the jury were instructed that the defendants were entitled to recover damages to their improvements by reason of the widening of the street, as the improvements existed when the report of the viewers was adopted on the nineteenth of September, 1876. The court did not err in giving this instruction. Although the respondents had notice of the report of the viewers made on the thirty-first of August, they were under no obligation to suspend work on the building. Like every other owner of property, they had complete control over it, and the right to improve and enjoy it, until it was appropriated for public use. The common council were under no obligation to adopt the report made by the viewers or pay for the property proposed to be taken. It was entirely optional with them whether they would go on with the widening of the street or abandon it altogether, and it would be unjust to hold that it was the duty of the respondents to cease working upon their building as soon as the viewers made their report, or go on with the improvements at the peril of losing all expenditures incurred by them while awaiting the

uncertain action of the common council. The court held, and properly so, that the rights of the parties were reciprocal; that so long as there was no obligation on the part of the appellant to go on with the contemplated improvements, or pay respondents the damages which they might thereby sustain, there was no obligation on their part to suspend work on the building then in the process of construction. These views are in accordance with the law as held by the supreme court of New York in a case quite similar to this one. (*In the Matter of Widening Wall Street,* 17 Barb. 618.)

Another assignment of error is that the verdict of the jury is informal in this, that it does not make any findings of the benefits to the property of respondents. The ninth section of the act referred to requires the jury to "assess and determine the value of the benefit and advantage, if any, such street   *   *   *   so widened may be to the respective owners," etc. And this court held in the case of *The City of Portland* v. *Kamm,* 5 Or. 362, that a verdict in this form: "We, the jury in the above-entitled cause, find for the plaintiff," was indefinite and insufficient, for the reason that it did not state how much the defendant was damaged, nor how much he was benefited by the extension of the street. This court further held in that case that the jury in their verdict must state the sum of the benefits and of the damages separately, or at least show the sum of the difference between them." Tested by the rule here laid down, we think the verdict in this case is sufficiently definite and certain. The jury are required by the act referred to "to determine the value of the benefit, if any," etc. If the widening of said street was of no benefit to the leasehold estate of respondents, then there was nothing for the jury to determine, as to any such benefits. In their verdict they say that the damages to the interests of the defendants in the south half of lot 1 and lot 2 are one thousand six hundred and sixty-six dollars and sixty-seven cents, and the north half of lot 1 eight hundred and thirty-three dollars and thirty-three cents, in all two thousand five hundred dollars. And further, they find that the damages over and above all benefits are two thousand five hundred dollars.

The inference is therefore irresistible, that there were no benefits to be determined by the jury. We think, therefore, that the verdict is neither informal nor insufficient, and that the judgment should be affirmed.